UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:13-CR-28-TAV-HGB-1 |
| ASANTE KORAN WARD | ) | |
| Defendant. | ) | |

# **MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's motion for a sentence reduction [Doc. 31]. Defendant requests that the Court resentence him in accordance with 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the United States Sentencing Guidelines Manual, which if granted could render him eligible for immediate release. The government has responded in opposition, conceding that defendant is eligible for the reduction but urging the Court to exercise the discretion not to grant it. [Doc. 33].[1]

**I.   Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term

---

[1] The government has also filed a motion to substitute counsel, which is **GRANTED**.

> of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application

decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[2] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

## II. Factual Background

Defendant pleaded guilty to possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) [Doc. 15]. At the time of sentencing, defendant was held responsible for 33.7 grams of crack cocaine, which, after a possession-of-firearm enhancement, corresponded to a base offense level of 26 [PSR at ¶¶ 15–16]. Defendant received a three-level reduction for acceptance of responsibility pursuant to section 3E1.1(a) and (b), which resulted in a total offense level of 25 [*Id.* ¶ 22–24]. Given defendant's criminal history category of III, defendant's applicable guideline range was 70 to 87 months' imprisonment [*Id.* ¶¶ 35, 64].

---

[2] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines § 1B1.10(b)(2)(B). That is not the case here.

The Court accepted the Rule 11(c)(1)(C) plea agreement and sentenced defendant to the agreed-upon term of 96 months' imprisonment [Doc. 29]. According to the government, defendant is presently scheduled for release on January 21, 2020 [Doc. 33].

### III. Analysis

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

As an initial matter, and as the government concedes, defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," within the meaning of 18 U.S.C. § 3582(c)(2). Defendant's sentence was based on a Rule 11(c)(1)(C) plea agreement, in which the parties "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply."[3] In *Hughes v. United States*, 138 S. Ct. 1765 (2018), the Supreme Court "resolved the uncertainty that resulted from [the] Court's divided decision in *Freeman*,

---

[3] Because "[s]uch a recommendation or request binds the court once the court accepts the plea agreement," Fed. R. Crim P. 11(c)(1)(C), the Court does not have discretion to depart or vary from the agreed-to disposition if the plea agreement is accepted.

4

[564 U.S. 522 (2011)]," and held that "a sentence imposed pursuant to a Type-C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Id.* at 1775. A defendant is eligible for a sentence reduction unless there is a "clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines." *Id.* at 1776.

Applying Amendment 782, defendant's revised base offense level is 24, and affording defendant the same adjustments defendant originally received, defendant's new total offense level is 23. U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). A total offense level of 23 and a criminal history category of III results in an amended guideline range of 57 to 71 months' imprisonment, restricted to 60 to 71 months. Because the amended guideline range is lower than the previously applicable guideline range, and because the guideline range was "part of the framework" the Court relied upon when initially sentencing defendant, *Hughes*, 138 S. Ct. at 1775, defendant is eligible for a sentence reduction under § 3582(c)(2).

Next, the Court must determine whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* U.S. Sentencing Guidelines Manual § 1B1.10. "[T]o satisfy the second requirement, a guidelines amendment must have had the effect of lowering the defendant's applicable guideline range." *Riley*, 726 F.3d at 758 (internal quotation marks and citations omitted). As

5

discussed, that is the case here, where defendant's sentence would be reduced in accordance with a policy change by the Sentencing Commission.

The Court will now consider the § 3553(a) factors in determining whether and to what extent the defendant's sentence may be reduced. As an initial matter, the Court determines that factors similar to the ones that applied at defendant's initial sentencing also apply at this time. Even so, in regard to these factors and in the context of the instant motion, the Court has considered the nature and circumstances of defendant's offense and defendant's history and characteristics. The government agreed to dismiss the § 924(c) count that carried a consecutive five-year mandatory sentence, in exchange for defendant's guilty plea, guaranteed 96-month sentence, and appeal and collateral-review waivers [Doc. 15]. Defendant's sentence exceeded his previous guidelines range by around ten percent.

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of defendant, and to provide defendant with needed education and training, medical care, or other correctional treatment.[4] Further, the Court has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). And the Court has considered the danger to the public as the result of any reduction in defendant's sentence,

---

[4] The Court, however, is not intending to, and is not, imposing or lengthening the defendant's sentence to enable the defendant to complete a treatment program or otherwise promote rehabilitation. *See generally Tapia v. United States*, 131 S. Ct. 2382 (2011).

the seriousness of defendant's offenses, and the need to protect the public. *See* U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1(B)(ii).

Accordingly, after considering section 1B1.10 and the relevant § 3553(a) factors, the Court finds a reduction in defendant's sentence to be appropriate. In making this determination, the Court is particularly influenced by the changes in offense levels affected by Amendment 782. The Court has also taken into consideration the risk defendant poses to public safety, the nature and circumstances of defendant's offense(s), defendant's personal characteristics, criminal history, and post-sentencing conduct.

## IV. Conclusion

For the reasons stated herein, defendant's motion [Doc. 31] is **GRANTED** and defendant's sentence is **REDUCED** to **78 months' imprisonment**, which exceeds defendant's new, post-amendment guidelines range by ten percent, the same proportion by which defendant's prior sentence exceeded the previously applicable guidelines range. If this sentence is less than the amount of time defendant has already served, the sentence shall be reduced to a "time served" sentence. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(C).

Except as otherwise provided in this order, all provisions of the judgment dated November 26, 2013 [Doc. 29], shall remain in effect.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE